Taft, J.,
dissenting. According to the pleading of the Ohio Mortgage Company, the vendors (the Reeds) assigned the land contract to the mortgage company “in writing, in words and figures, as follows to wit:
*91 <<<•*#
“ ‘For value received we do hereby sell, transfer and assign all our right, title and interest in and to the within contract to the Ohio Mortgage Company, together with the note secured thereby.’ ”
The pleading then refers to “the endorsement of said note [given for the purchase price provided for in the land contract] and the assignment of said land contract.” Nothing in that pleading refers to any other assignment or transfer of anything else from the vendors to the mortgage company. The mortgage company could have but it apparently did not even take a quitclaim deed for the real estate described in the land contract.
Conceivably, the assignment of a land contract and of the indebtedness of the vendee thereunder might be held to carry with it whatever rights the vendor had as security for that indebtedness in or against the real estate being sold under the land contract. Also, it would seem reasonable from the transaction of assignment to imply an agreement by the vendor to convey the legal title to the vendee on the request of the assignee. Certainly, there would be no reason for the vendors, after their assignment in the instant case, to retain any title or interest in the real estate covered by the land contract, since they would then have been fully paid therefor by their assignee, the Ohio Mortgage Company. Also, after this assignment, if the vendees paid the Ohio Mortgage Company in full the vendees would clearly be entitled to specific performance against the vendors. As a consequence, any interest of the vendors in the land would be subject to being divested by specific performance proceedings which might be successfully maintained by the vendees. Of course, in the instant case, the vendees are not entitled to specific performance and have abandoned any effort to secure that relief.
Furthermore, if the vendors had delivered a quitclam deed to the mortgage company but that deed had not been recorded, then that deed would have been good as against a judgment creditor although it would not have been good “so far as” it *92 related “to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such * * * deed.” See Section 8543, General Code (Section 5301.25, Revised Code).
However, the appellant, the judgment creditor of the vendors, contends in the instant case that, even if a vendor of real estate who retains legal title has an equitable lien for the unpaid purchase money, such lien can not be assigned or conveyed to another. This contention is apparently fully sustained by all the decisions of this court which have heretofore considered the problem. See 40 Ohio Jurisprudence, 1094, Section 190.
Thus in Jackman v. Hallock, 1 Ohio, 318, 13 Am. Dec., 627, it is said with regard to the equitable lien of a vendor:
“This equity arises to the vendor for his own safety, but it cannot be transferred to another.”
Again, in Brush v. Kinsley, 14 Ohio, 21, 24, it was said in the opinion by Read, J.:
“* * * if this case was such that the vendor had a lien, the assignment of a note for the payment of the purchase money would not carry with it the vendor’s lien. This is personal to the vendor, not capable of assignment or transfer, although it may descend or be devised, as settled in Jackman v. Hallock * * *"
Also, in Horton v. Horner, 14 Ohio, 437, 443, it was said by Hitchcock, J.:
“* * * one object of the bill is to enforce the vendor’s lien. According to our views of the law, and according to the decisions of this court, this lien can not be transferred by the act of the vendor, so as to vest the right to enforce it in his assignee. It was so held in the case of Jackman v. Hallock * * * and has been so held at the present term.”
Cf. Tiernan v. Beam, 2 Ohio, 383, 386, 15 Am. Dec., 557.
It would seem to follow that, when the mortgage company acquired the rights of the vendors under the land contract, it acquired only the rights of the vendors to enforce the personal liability of the vendees under the contract, and perhaps, depending upon the terms of the assignment, a right of recourse *93 against the vendors personally in the event that the vendees did not fully pay to the mortgage company what they owed under the land contract. If the mortgage company desired to acquire any interest in the real estate at the time of the assignment of the land contract, it could have required at least the delivery to it of a quitclaim deed from the vendors. Not having required that, it is certainly not unreasonable to give the Ohio Mortgage Company only the rights for which it apparently bargained, i. e., personal rights against the vendees and perhaps against the vendors.
Matthias, J., concurs in the foregoing dissenting opinion.